**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------------------x

MAPFRE PERU COMPANIA DE SEGUROS Y               Case No.: 20 Civ. 5606
REASEGUROS S.A., POLINPLAST S.A.C, RASH PERU
S.A.C., CATERCU S.A.C., EPIROC PERU S.A., RIMAC
SEGUROS Y REASEGUROS S.A., DUCASSE COMERCIAL
S.A., CORPORACION UEZU S.A.C., IMPORTACIONES
FRENOS CHASQUI S.A.C., CGM RENTAL S.A.C., WORLD
DUTY FREE GROUP S.A.C., JOHNSON & JOHNSON DEL
PERU S.A., PUIG PERU S.A., ABB S.A., AGP PERU S.A.C.,
PACIFICO COMPANIA DE SEGUROS Y REASEGUROS S.A.,
TYCO ELECTRONICS DEL PERU S.A.C., KROTON S.A.C.,
and 3M PERU S.A.,

                              Plaintiffs,

              -against-

M/V AS FORTUNA, her engines, boilers, etc., AS FORTUNA
OPCO B.V., DSV GL ECUADOR S.A., DSV AIR & SEA INC.,
JAS FORWARDING SERVICES (IRELAND) LIMITED d/b/a
Blue World Line, DANMAR LINES LTD., ECT TRANSPORT LTD.
d/b/a Seaquest Line, KUEHNE + NAGEL INC. d/b/a Blue Anchor
America Line, TRANSPAC CONTAINER SYSTEMS LIMITED
OF HONG KONG d/b/a Blue Anchor Line, and SHIPCO
TRANSPORT INC.

                              Defendants.

--------------------------------------------------------------------------------x

<u>**VERIFIED COMPLAINT**</u>

Plaintiffs MAPFRE PERU COMPANIA DE SEGUROS Y REASEGUROS S.A.,

POLINPLAST S.A.C, RASH PERU S.A.C., CATERCU S.A.C., EPIROC PERU S.A., RIMAC

SEGUROS Y REASEGUROS S.A., DUCASSE COMERCIAL S.A., CORPORACION UEZU

S.A.C., IMPORTACIONES FRENOS CHASQUI S.A.C., CGM RENTAL S.A.C., WORLD

DUTY FREE GROUP S.A.C., JOHNSON & JOHNSON DEL PERU S.A., PUIG PERU S.A.,

ABB S.A., AGP PERU S.A.C., PACIFICO COMPANIA DE SEGUROS Y REASEGUROS

S.A., TYCO ELECTRONICS DEL PERU S.A.C., KROTON S.A.C., and 3M PERU S.A., by their attorneys, Nicoletti Hornig & Sweeney, allege upon information and belief, as follows:

## PARTIES

1.      At and during all times relevant hereto, Plaintiffs were and now are corporations duly organized and existing under and by virtue of foreign law with principal offices and places of business as stated in Schedule A, and having interest in connection with certain bills of lading as stated in Schedule A, hereto annexed and by this reference made a part hereof.

2.      At all times hereinafter mentioned, Plaintiffs MAPFRE PERU COMPANIA DE SEGUROS Y REASEGUROS S.A., RIMAC SEGUROS Y REASEGUROS S.A and PACIFICO COMPANIA DE SEGUROS Y REASEGUROS S.A were the insurers of various shipments of cargo laden in good order and condition carried aboard the M/V AS FORTUNA ("the Vessel") and in order to obtain release of the cargoes that they insured, were required to post security for the Vessel owners' claims for General Average and salvage and otherwise may be required to pay certain claims arising out of the loss of or damage to cargoes insured by them on the subject voyage.

3.      Plaintiffs MAPFRE PERU COMPANIA DE SEGUROS Y REASEGUROS S.A, RIMAC SEGUROS Y REASEGUROS S.A and PACIFICO COMPANIA DE SEGUROS Y REASEGUROS S.A, as insurers of the aforesaid cargoes, who, prior to the occurrence hereinafter mentioned, had policies of insurance covering said cargoes in shipment and by virtue of payment made or to be made, are or will be subrogated to the rights of their insureds, make claim not only on their own behalf but as agents for the account of the insured cargo owners, and/or on behalf of and for the benefit of others who may ultimately prove to be interested in said shipments as their respective interests may ultimately appear.

4.     At all times hereinafter mentioned, Plaintiffs POLINPLAST S.A.C, RASH PERU

S.A.C., CATERCU S.A.C., EPIROC PERU S.A., DUCASSE COMERCIAL S.A.,

CORPORACION UEZU S.A.C., IMPORTACIONES FRENOS CHASQUI S.A.C., CGM

RENTAL S.A.C., WORLD DUTY FREE GROUP S.A.C., JOHNSON & JOHNSON DEL

PERU S.A., PUIG PERU S.A., ABB S.A., AGP PERU S.A.C., TYCO ELECTRONICS DEL

PERU S.A.C., KROTON S.A.C., and 3M PERU S.A., were the consignees of various shipments

of cargo laden in good order and condition carried aboard the M/V AS FORTUNA ("the

Vessel") as stated in Schedule A.

5.     At and during all times relevant hereto, the M/V AS FORTUNA, now named

HOBART, was and now is a 2009 built Madeira-flagged containership, IMO No. 9428322, that

was employed in the common carriage of merchandise by water for hire, and now is, or will be

during the pendency of this action, within this District and the jurisdiction of this Honorable

Court.

6.     At and during all times relevant hereto, AS FORTUNA OPCO B.V., was and is a

corporation or other business entity organized and existing by virtue of foreign law with a

registered office in Amsterdam, The Netherlands, and a place of business at Oever 5 (3161 GR)

in Rhoon, the Netherlands. AS FORTUNA OPCO B.V. was the owner, charterer, manager

and/or operator of the Vessel. Upon information and belief, AS FORTUNA OPCO B.V.

regularly conducts business in the State of New York.

7.     At and during all times relevant hereto, Defendants DSV GL ECUADOR S.A.,

DSV AIR & SEA INC., JAS FORWARDING SERVICES (IRELAND) LIMITED d/b/a Blue

World Line, DANMAR LINES LTD., ECT TRANSPORT LTD. d/b/a Seaquest Line, KUEHNE

+ NAGEL INC. d/b/a Blue Anchor America Line, TRANSPAC CONTAINER SYSTEMS

3

LIMITED OF HONG KONG d/b/a Blue Anchor Line, and SHIPCO TRANSPORT INC. were and are corporations or other business entities organized and existing by virtue of domestic or foreign laws with offices and places of business as stated in Schedule A and were and now are engaged in business as non-vessel owning common carriers of goods for hire, and regularly conduct business in the State of New York by carrying cargoes from or destined for ports in the State of New York.

## JURISDICTION AND VENUE

8.    This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333 and this is a maritime and admiralty claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. In addition, this Honorable Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 in that the claims asserted herein arise out of the same transaction or occurrence and form part of the same case or controversy.

9.    Defendants DSV GL ECUADOR S.A., DSV AIR & SEA INC., JAS FORWARDING SERVICES (IRELAND) LIMITED d/b/a Blue World Line, DANMAR LINES LTD., ECT TRANSPORT LTD. d/b/a Seaquest Line, KUEHNE + NAGEL INC. d/b/a Blue Anchor America Line, TRANSPAC CONTAINER SYSTEMS LIMITED OF HONG KONG d/b/a Blue Anchor Line, and SHIPCO TRANSPORT INC. transact business in the State of New York, and the bills of lading they issued for the subject voyage contained a forum selection clause designating their consent to jurisdiction here in the District Court for the Southern District of New York.

## BACKGROUND

10.    On or about the dates and the ports of shipment stated in Schedule A, there was shipped by the shippers and delivered to Defendants and the said Vessel, as common carriers, the

4

shipments described in Schedule A then being in good order and condition, and Defendants and the said Vessel then and there accepted said shipments so shipped and delivered to them, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipments to the port of destination stated in Schedule A, and deliver the same in like good order and condition as when shipped, delivered to and received by them, to the consignees named in Schedule A.

11.     Thereafter, on or about September 13, 2018, the Vessel, while underway, suffered a total blackout due to a failure in the engineering department and continued to fall to starboard without control in the trajectory and times that are visualized in the electronic chart, causing the Vessel to run aground in a sand bank in Ecuadorian waters and subsequently stranded near the port in Guayaquil, Ecuador.

12.     As a result of the grounding, the Vessel and its cargo were subjected to liens of a salvor, T&T Salvage, who rendered service to the said Vessel on the basis of the Lloyd's Open Form of Salvage Agreement ('LOF') dated September 17, 2018. The Vessel interests have also declared general average without right thereto.

13.     Subsequent discharge and delivery of the containers was conditioned on the posting of General Average security by Plaintiffs.

14.     In an agreement dated 28 June 2019, it was agreed between the representatives of the salvor T&T Salvage and the representatives of cargo interests that a salvage contribution of USD $5,821,003.38 should be paid in respect of all cargoes involved in the settlement, meaning that each individual interested party had to pay 27.31072589% of the salved value of his cargo to the Salvors.

15.     Therefore, the salvage contributions were paid by the parties involved in the various cargoes and a total amount of $142,508.61 was paid by the Plaintiffs in this action to the representatives of the salvor.

### AS AND FOR A FIRST CAUSE OF ACTION

16.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 15 as if set forth herein at length.

17.     On or about the dates and at the ports of shipment stated in Schedule A, there was delivered to the Vessel in good order and condition and suitable in every respect for the intended transportation the shipments described in Schedule A, which the Vessel and Defendants received, accepted and agreed to transport for certain consideration to the ports of destination stated in the Schedules, and the referenced bills of lading.

18.     By reason of the foregoing premises, the Vessel was unseaworthy and the Defendants breached, failed and violated their duties as common carriers by water for hire and/or bailees and were negligent and otherwise at fault.

19.     As a result of the aforementioned grounding of the Vessel, Plaintiffs have been damaged in that they have had to provide security to the Vessel interests for the claim of general average and to salvors in order to obtain possession of their cargoes and have incurred expenses in defending against salvage claims, as to all of which Plaintiffs claim indemnity, including attorney's fees and costs.

20.     That Plaintiffs have been compelled to pay a salvage award to salvor and have incurred and were compelled to pay additional expenses and costs due to the negligence by defendants, and therefore, Plaintiffs are entitled to indemnity for such payments from the defendants.

21.     The aforesaid grounding resulting in damages sustained by the Plaintiffs was not caused or contributed to by any fault, negligence or want of care on the part of Plaintiffs or their agents, but was caused solely as a result of the fault, negligence and lack of due diligence to make the Vessel seaworthy on the part of defendants, their agents and servants, M/V AS FORTUNA, and those in charge of that Vessel.

22.     Plaintiffs have duly performed all duties and obligations on their part to be performed.

23.     By reason of the foregoing premises, Plaintiffs have sustained damages, as nearly as the same can now be estimated, no part of which has been paid by the Defendants, in the sum of at least $142,508.61.

## AS AND FOR A SECOND CAUSE OF ACTION

24.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 23 as if set forth herein at length.

25.     On or about the dates and at the ports of shipment stated in Schedule A, attached, there was delivered to Defendants in good order and condition and suitable in every respect for the intended transportation shipments described in Schedule A which the Defendants received, accepted and agreed to transport for certain consideration to the ports of destination stated in Schedule A, and pursuant to the referenced bills of lading.

26.     The Vessel was unseaworthy and the Defendants breached, failed and violated their duties as common carriers by water for hire and/or bailees and were negligent and otherwise at fault.

27.     Due to the Vessel and the Defendants' failure to properly and safely determine whether the Vessel was seaworthy, and for such other and further reasons as may be developed in discovery, the Plaintiffs suffered damage as a result of the grounding of the Vessel.

28.     As a result of the grounding of the Vessel, Plaintiffs have been damaged in that they have had to provide security to the Vessel interests for the claim of general average and to salvors in order to obtain possession of their cargoes and have and will incur expenses in defending against such salvage claims, as to all of which Plaintiffs claim indemnity, including attorney's fees and costs.

29.     By reason of the foregoing premises, the Defendants breached, failed and violated their duties to the Plaintiffs as common carriers by water for hire and/or bailees and were negligent and otherwise at fault.

30.     That Plaintiffs have been compelled to pay a salvage award to salvor and have incurred and were compelled to pay additional expenses and costs due to the negligence by defendants, and therefore, Plaintiffs are entitled to indemnity for such payments from the defendants.

31.     By reason of the foregoing premises, Plaintiffs have sustained damages, as nearly as the same can now be estimated, no part of which has been paid by the Defendants, in the sum of at least $142,508.61.

## AS AND FOR A THIRD CAUSE OF ACTION

32.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 30 of this Complaint, inclusive, as if set forth herein at length.

33.     Defendant AS FORTUNA OPCO B.V. owed a duty to all cargo carried aboard the Vessel to exercise due diligence to provide a seaworthy ship, and to coordinate the receipt,

acceptance, loading and delivery of the cargoes to the ports of destination in good order and condition.

34.     Defendants DSV GL ECUADOR S.A., DSV AIR & SEA INC., JAS FORWARDING SERVICES (IRELAND) LIMITED d/b/a Blue World Line, DANMAR LINES LTD., ECT TRANSPORT LTD. d/b/a Seaquest Line, KUEHNE + NAGEL INC. d/b/a Blue Anchor America Line, TRANSPAC CONTAINER SYSTEMS LIMITED  OF HONG KONG d/b/a Blue Anchor Line, and SHIPCO TRANSPORT INC. as Non-Vessel Owning Common Carriers, owed a duty to all cargo aboard the Vessel to exercise due diligence to provide a seaworthy ship and to coordinate the receipt, acceptance, loading and delivery of the cargoes to the ports of destination in good order and condition.

35.     Defendants DSV GL ECUADOR S.A., DSV AIR & SEA INC., JAS FORWARDING SERVICES (IRELAND) LIMITED d/b/a Blue World Line, DANMAR LINES LTD., ECT TRANSPORT LTD. d/b/a Seaquest Line, KUEHNE + NAGEL INC. d/b/a Blue Anchor America Line, TRANSPAC CONTAINER SYSTEMS LIMITED  OF HONG KONG d/b/a Blue Anchor Line, and SHIPCO TRANSPORT INC. failed to discharge their duties and responsibilities in accordance with the general maritime law and/or the International Maritime Dangerous Goods ("IMDG") Code and were otherwise negligent.

36.     The grounding of the Vessel and resulting damage to cargo and exposure to payments for salvage and General Average were directly and proximately caused by the Defendants' breach of the standards of care under the general maritime law and/or the IMDG Code.

37.     As a result of the grounding of the Vessel, Plaintiffs have been damaged in that they have had to provide security to the Vessel interests for the claim of general average and to

salvors in order to obtain possession of their cargoes and have and will incur expenses in defending against such salvage claims, as to all of which Plaintiffs claim indemnity, including attorney's fees and costs.

38.     The Defendants, either individually or collectively are liable to Plaintiffs for breach of the duty of care and the resulting grounding that resulted in payments for salvage.

39.     Plaintiffs have duly performed all duties and obligations on its part to be performed.

40.     By reason of the foregoing premises, the Defendants breached, failed and violated their duties to the Plaintiffs as common carriers by water for hire and/or bailees and were negligent and otherwise at fault.

41.     By reason of the foregoing premises, Plaintiffs have sustained damages, as nearly as the same can now be estimated, no part of which has been paid by the Defendants, in the sum of at least $142,508.61.

**WHEREFORE**, Plaintiffs pray:

1.     That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2.     That if Defendants cannot be found within this District, then all their property within this District as shall be described in Schedule A, be attached in the sum of $142,508.61, interest thereon and costs, the sum sued for in this Complaint;

3.     That Judgment may be entered in favor of Plaintiffs against Defendants on the First, Second and Third Causes of Action for the amount of Plaintiffs' damages together with interest and costs and the disbursements of this action;

10

6.      That process is due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against the M/V AS FORTUNA, her engines, boilers, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court will be pleased to pronounce judgment in favor of Plaintiffs for their damages as aforesaid, with interest, costs and disbursements, and that the said Vessel may be condemned and sold to pay therefor; and

7.      That this Court will grant to Plaintiffs such other and further relief as may be just and proper.

Dated: New York, New York
        July 20, 2020

                                   NICOLETTI HORNIG & SWEENEY
                                   *Attorneys for Plaintiffs*

                                     */s/ Val Wamser*
                            By: _____
                                   Val Wamser, Esq.
                                   Terry L. Stoltz, Esq.
                                   Carole Rouffet, Esq.
                                   Wall Street Plaza
                                   88 Pine Street, 7th Floor
                                   New York, New York 10005-1801
                                   Tel. No: (212) 220-3830
                                   E-mail: vwamser@nicolettihornig.com

# SCHEDULE A

| Insurer | Insurer's address | Claim ref. | Insured | Shipper | Consignee | Container # | Carrier (Master Carrier) | BOL # (Master Carrier) | Cargo | Salvage Amount Paid | CIF |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Mapfre Peru Compañia de Seguros y Reaseguros | Av. Veintiocho de Julio 873 Miraflores Peru | 100125218000394 | Polinplast S.A.C., Calle Venancio Avila Nro 1920, Irb Chacra Rios Sur Cercado, | Comexc Plast S.A., Calle Quinquela y Av., Casuarina, Guayaquil - Ecuador | Same as Insured | ICLU1584231 | DSV GL Ecuador S.A., Blvd 9 de octubre, Guayaquil 090311, Ecuador | CLX11134-18 | Polyethylene Pellets | $6,277.77 | 22,950.00 |
| Mapfre Peru Compañia de Seguros y Reaseguros | Av. Veintiocho de Julio 873 Miraflores Peru | 100125218000448 | Rash Peru SAC, Av. Salaverry 3310, Magdalena del mar, Lima, Peru | Sakar International Inc., 195 Carter Drive, Edison NJ 08861 | Same as Insured | SMLU5446610 | DSV Air & Sea Inc. (100 Walnut Avenue Suite 405, Clark, New Jersey 07066) | MIA0052929 | Speaker/Display | $12,745.71 | 46,669.20 |
| Mapfre Peru Compañia de Seguros y Reaseguros | Av. Veintiocho de Julio 873 Miraflores Peru | 100125218000449 | Catercu SAC, Avenida Nicolas Arriola No 1269, La Victoria District, Lima, Peru | Costex Tractor Parts Corp., 6100 NW 77th St, Miami, Florida 33166 | Same as Insured | SMLU7876610 | JAS FORWARDING SERVICES (IRELAND) LIMITED d/b/a Blue World, 6165 Barfield Road, Atlanta, Georgia | MIA802754802 | Tractor parts | 5,672.66 | 18,981.71 |
| Mapfre Peru Compañia de Seguros y Reaseguros | Av. Veintiocho de Julio 873 Miraflores Peru | 100125218000485 | Epiroc Peru SA, Francisco Grana Nro 150 Urb Santa Catalina, La Victoria, Peru | Epiroc Drilling Solutions LLC, 815 Enterprise Drive, Allen, Texas | Same as Insured | IPXU3519812 | Danmar Lines Ltd., P.O. Box 2651, 4002 Basel, Switzerland | HOU100275 | Drilling Equipment | $3,356 | 13,415.83 |
| Rimac Seguros y Reaseguros | Las Begonias N 475, San Isidro, Lima 27 Peru | 3001-84924 | Ducasse Comercial S.A., Av Roosevelt nro 6426 Urb. San Antonio, Miraflores, Lima, Peru | Same as Insured | Same as Insured | SMLU7876610 | JAS FORWARDING SERVICES (IRELAND) LIMITED d/b/a Blue World Line, 6165 Barfield Road, Atlanta, Georgia | MIA802754527 | Kitchen parts | $4,916.61 | 18,002.48 |
| Rimac Seguros y Reaseguros | Las Begonias N 475, San Isidro, Lima 27 Peru | 3001-85081 | Corporacion Uezu SAC, Av. Republica Argentina 360, Callao Peru | Same as Insured | Same as Insured | SEGU9325536 | JAS FORWARDING SERVICES (IRELAND) LIMITED d/b/a Blue World | MIA802760337 | Air Conditioners | $14,647.13 | 53,631.41 |
| Rimac Seguros y Reaseguros | Las Begonias N 475, San Isidro, Lima 27 Peru | 3001-85190 | Importaciones Frenos Chasqui S.A.C., Av. Mexico 2185, La Victoria, Lima, Peru | Egar SA, Cochapata E14-119 y Gaspar de Villarroel, Guayaquil, Ecuador | Same as Insured | TTNU1636870 | DSV GL Ecuador S.A., Blvd 9 de octubre, Guayaquil 090311, Ecuador | CLX11141-18 | Glue | $15,859.32 | 58,069.95 |
| Rimac Seguros y Reaseguros | Las Begonias N 475, San Isidro, Lima 27 Peru | 3001-85380 | CGM Rental SAC, Panamericana Sur Km 30.5 Urb. San Pedrio - Lurin, Peru | Costex Corporation, 6100 NW 77th CT, Miami, Florida 33166 | Same as Insured | SMLU7876610 | ECT Transport Ltd. d/b/a Seaquest Line c/o Agility Logistics Corp. 6565 N. , Macarthur Blvd. Suite 260 Irving , Texas 75039 | MIA0650635 | Spare Parts Machinery | $1,348.34 | 4,937.07 |
| Rimac Seguros y Reaseguros | Las Begonias N 475, San Isidro, Lima 27 Peru | 3003-28108 | World Duty Free Group SAC, Av. Emer Faucett S/N Int. 2 1 Aeropi, Lima, Peru | Beauty Avenues, 7 Limited Parkway, Reynoldsburg, Ohio 43068 | Same as Insured | DFSU6817440 | Kuehne + Nagel Inc. trading as Blue Anchor America Line, 10 Exchange Place, Ne w Jersey 07302 | 6339-0964-808.020 | Cosmetic Products | $7,534.00 | 27,145.60 |
| Rimac Seguros y Reaseguros | Las Begonias N 475, San Isidro, Lima 27 Peru | 3003-28159 | Johnson & Johnson del Peru S.A., Piso 9, San Isidro, Av Canaval y Moreyra 480, Lima, Peru | Advanced Sterilization Products, 33 Technology Dr., Irvine California | Same as Insured | IPXU3519812 | Kuehne + Nagel Inc. trading as Blue Anchor America Line, 10 Exchange Place, Ne w Jersey 07302 | 6310-0964-808.013 | Medical Supplies | $381.79 | 1,121.40 |
| Rimac Seguros y Reaseguros | Las Begonias N 475, San Isidro, Lima 27 Peru | 3003-28162 | Puig Peru SA, Call El Bucare 598 Dpto 301 Urb. Camacho, La Molina, Lima | MFC Prestige Intl OP SARL, 1400 Broadway Rd, Sanford NC 27332 | n/a | | JAS FORWARDING SERVICES (IRELAND) LIMITED d/b/a Blue World Line, 6165 Barfield Road, Atlanta, Georgia | MIA802746108 | Perfumery Products | $9,868.52 | 33,300.00 |
| Rimac Seguros y Reaseguros | Las Begonias N 475, San Isidro, Lima 27 Peru | 3003-28190 | ABB SA, Av Argentina 3120, Lima Peru | ABB Motors and Mechanical Inc. 1536 Genesis Rd, Crossville, Tennessee 38555 | Same as Insured | DFSU6817440 | Kuehne + Nagel Inc. trading as Blue Anchor America Line, 10 Exchange Place, Ne w Jersey 07302 | 6339-0964-808.028 | Motors and components | $5,400.59 | 21,558.77 |
| Rimac Seguros y Reaseguros | Las Begonias N 475, San Isidro, Lima 27 Peru | 3003-28201 | AGP Peru SAC, Av. Guillermo Dansey Nro. 2016, Cercado de Lima, Peru | Madico Window Films, 2630 Fairfield Avenue South, Saint Petersburg, Florida 33712 | n/a | | Kuehne + Nagel Inc. trading as Blue Anchor Line, 10 Exchange Place, Ne w Jersey 07302 | 6339-0964-808.023; 6339-0964-808.027; 6339-0964-808.026; 6460-0964-808.013 | Plastic films | $27,301.60 | 99,845.22 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Pacifico Compañia de Seguros y Reaseguros | Av. Juan de Arona No. 830, San Isidro, Lima 27 Peru | 13341810 | Tyco Electronics Del Peru S.A.C., Av. Benavides Nro. 1579, Miraflores, Lima, Peru | Tyco Electronics US, 8000 Purfoy Road, Fuquay Varina, NC 27526 | Same as Insured | SMLU7876610 | ECT Transport Ltd. d/b/a Seaquest Line c/o Agility Logistics Corp. 6565 N. , Macarthur Blvd. Suite 260 Irving , Texas 75039 & Shipco Transport, Inc. 127 Main Street, Chatham, New Jersey | MIA0649263 & CAO10453391 | Accessories Parts and/or material for electrical network | $2,746.57 | USD | 10,020.29 |
| Pacifico Compañia de Seguros y Reaseguros | Av. Juan de Arona No. 830, San Isidro, Lima 27 Peru | 13364886 | Kroton S.A.C., Av. Petit Thouars Nro. 3460, San Isidro, Lima 27, Peru | Galaxtech Corporation, 7244 NW 70 st, Miami, FL 33166 | Same as Insured | SMLU7876610 | DSV Air & Sea Inc. (100 Walnut Avenue Suite 405, Clark, New Jersey 07066) & Shipco Transport, Inc. 127 Main Street, Chatham, New Jersey 07928 | MIA0052923 & SMLU5383274A | Network equipment | $7,002.04 | USD | 23,364.00 |
| Pacifico Compañia de Seguros y Reaseguros | Av. Juan de Arona No. 830, San Isidro, Lima 27 Peru | 13378971 | 3M Peru SA, Av. Enrique Canaval y Moreyra 641, Urb. El Palomar San Isidro, Lima, Peru | 3M Canada Company, PO Box 5757, London ON N6A 4T1 Canada | Same as Insured | TPXU3519812 | Transpac Container System Limited of Hong Kong, trading as Blue Anchor Line, 25/F, MASS MUTUAL TOWER WANCHAI Hong Kong S.A.R., China Line | 6120-0964-809.011 | Medical Supplies | $17,449.96 | USD | 62,508.00 |

$142,508.61

## VERIFICATION

STATE OF NEW YORK      )
                       : SS
COUNTY OF NEW YORK   )

   VAL WAMSER, being duly sworn, deposes and says:

   That he is an attorney admitted to practice before the Courts of this State and a member of the firm of NICOLETTI HORNIG & SWEENEY attorneys for Plaintiffs herein.

   That he has read the foregoing Verified Complaint and knows the contents thereof and that the same is true to his own knowledge, except as to the matters therein stated to be alleged on information and belief and as to those matters, he believes them to be true; that the reason this verification is made by your deponent instead of Plaintiffs is because Plaintiffs are not within the County of New York where your deponent's office is located..

   Deponent further says that the sources of his information and the grounds for his belief as to all matters therein stated to be alleged on information and belief, is derived from documents, records, correspondence and memoranda of Plaintiffs concerning the matters set forth in the Verified Complaint in the possession of deponent.

                      _____
                         VAL WAMSER

Sworn to before me this 17th day of
July 2020

_____
Notary Public

CAROLE A.R. ROUFFET
NOTARY
NO. 02RO6338487
QUALIFIED IN
KINGS COUNTY
COMM. EXP.
03-14-2024
PUBLIC
STATE OF NEW YORK

13