USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/31/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

MAPFRE PERU COMPANIA DE SEGUROS Y REASEGUROS S.A. ET AL.,

                                Plaintiffs,

-against-

M/V AS FORTUNA, *her engines, boilers etc.,* ET AL.,

                                Defendants.

------------------------------------------------------------------- x

20-cv-5606 (ALC)

**OPINION & ORDER**

**ANDREW L. CARTER, JR., District Judge:**

Plaintiffs bring this action against Defendants, seeking recovery for salvage expenses related to the grounding of the vessel M/V AS FORTUNA ("Vessel"). Plaintiffs allege that the Vessel was unseaworthy and that Defendants breached their duties as common carriers, were negligent, and were at fault for the grounding. Before the Court is Defendant As Fortuna OPCO B.V.'s ("OPCO") motion to dismiss the Complaint. For the reasons set forth below, the motion is GRANTED.

### BACKGROUND[1]

Plaintiffs are foreign insurers and consignees of cargo aboard the Vessel. Compl. ¶¶ 1–4. On September 13, 2018, the Vessel was grounded off the coast of Ecuador due to an electrical failure. *Id.* ¶ 11. Plaintiffs incurred salvage expenses paid to the salvors who recovered the cargo.

---

[1] When determining whether to dismiss a case, the court accepts as true all well-pleaded factual allegations in the Complaint and draws all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). Furthermore, "[a] complaint is deemed to include any written instrument attached to it as an exhibit." *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004); Fed. R. Civ. P. 10(c). Pursuant to that standard, this recitation of facts is based on Plaintiffs' Complaint and accompanying exhibits. ECF No. 1 ("Complaint"). Defendant also submitted the declaration of Hans Boumo, Managing Director of OPCO, ECF No. 76, and Buomo's supplemental declaration, ECF No. 81. Plaintiffs did not file any affidavits or other supporting materials. "In deciding a motion to dismiss a complaint for want of personal jurisdiction, the district court may consider materials outside the pleadings, including affidavits and other written materials." *Jonas v. Est. of Leven*, 116 F. Supp. 3d 314, 323 (S.D.N.Y. 2015). "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits." *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012) (internal quotation marks and citations omitted). Accordingly, the Court also relies upon facts offered in the Buomo declaration.

*Id*. ¶¶ 12–15. While Plaintiffs claim the cargo was shipped from Miami, Florida and that some of the cargo aboard the Vessel may have passed through or was destined to New York, the Vessel was not in the United States during the relevant journey. Bouma Decl. ¶ 11; Compl. ¶ 7; *see also* Def.'s Reply Mem. at 3–4, ECF No. 80.

## PROCEDURAL HISTORY

Plaintiffs commenced this action on July 20, 2020. ECF No. 1. Defendant OPCO filed the instant motion to dismiss on June 11, 2021. ECF No. 75. OPCO seeks to dismiss the Complaint as to OPCO for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), or, alternatively, on grounds of *forum non conveniens*.[2] Plaintiffs filed an opposition to OPCO's motion to dismiss on July 9, 2021. ECF No. 79. OPCO filed its reply in support of its motion to dismiss on July 23, 2021. ECF No. 80. The motion is fully briefed and ripe for decision.

## STANDARD OF REVIEW

"[T]he law of the forum state—here, New York—governs the issue of personal jurisdiction in admiralty cases." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri–Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 937 F.2d 44, 50 (2d Cir. 1991). "On a 12(b)(2) motion to dismiss, the plaintiff bears the burden of establishing personal jurisdiction over the defendant." *NuMSP, LLC v. St. Etienne*, 462 F. Supp. 3d 330, 341 (S.D.N.Y. 2020) (citing *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010)). When deciding a motion to dismiss for lack of personal jurisdiction, courts may rely on pleadings and affidavits, in which case "the plaintiff need only make a *prima facie* showing that the court possesses personal jurisdiction over the defendant." *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001) (internal quotation marks and citations omitted). When deciding whether Plaintiffs have made such a showing, the

---

[2] As the Court finds the Complaint should be dismissed as to OPCO for lack of personal jurisdiction, the Court does not address the *forum non conveniens* argument.

Court must "construe the pleadings and affidavits in the light most favorable to [Plaintiffs], resolving all doubts in [their] favor." *Id*. "This prima facie showing must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012) (internal quotation marks and citations omitted). In determining personal jurisdiction, courts must first "look to the law of the forum state to determine whether personal jurisdiction will lie" and, if "jurisdiction lies, [courts] consider whether the district court's exercise of personal jurisdiction over a foreign defendant comports with due process protections established under the United States Constitution." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013). However, "[t]he plaintiff in opposing a 12(b)(2) motion cannot rely merely on conclusory statements or allegations; rather, the prima facie showing must be factually supported." *NuMSP*, 462 F. Supp. 3d at 341 (internal quotation marks and citations omitted).

A plaintiff can establish personal jurisdiction under New York law by "demonstrat[ing] either that [the defendant] was 'present' and 'doing business' in New York within the meaning of New York Civil Procedure Law and Rules ('CPLR') § 301," commonly referred to as general jurisdiction, "or that [the defendant] committed acts within the scope of New York's long-arm statute, CPLR § 302," commonly referred to as specific jurisdiction. *Schultz v. Safra Nat'l Bank of N.Y.*, 377 F. App'x 101, 102 (2d Cir. 2010).

**DISCUSSION**

With respect to personal jurisdiction over OPCO, the Complaint provides only the general allegation that "[u]pon information and belief, AS FORTUNA OPCO B.V. regularly conducts business in the State of New York." Compl. ¶ 6. In the course of this motion's briefing, Defendant OPCO submitted two declarations demonstrating its lack of contacts with the forum state.

3

Plaintiffs filed no affidavits or declarations in opposition, nor did they dispute OPCO's assertions in its opposition brief. Instead, Plaintiffs requested jurisdictional discovery. Further, in the related case *Chubb Seguros Peru S.A v. M/V As Fortuna, her engines, boilers, etc*, No. 20-cv-3392, Plaintiffs have admitted that Defendant OPCO "is not subject to service of process by this Court." No. 20-cv-3392, ECF No. 75 at 21.

As discussed below, the Court finds that Plaintiffs have not met their burden of demonstrating that OPCO is subject to personal jurisdiction in New York.

I.      **General Jurisdiction under CPLR § 301**

Pursuant to CPLR § 301, "a corporation is 'doing business' and is therefore 'present' in New York and subject to personal jurisdiction with respect to any cause of action, related or unrelated to its New York contacts, if it does business in New York not occasionally or casually, but with a fair measure of permanence and continuity." *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 58 (2d Cir. 1985) (citations omitted). "In order to establish that this standard is met, a plaintiff must show that a defendant engaged in 'continuous, permanent, and substantial activity in New York.'" *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir. 2000) (citations omitted). "New York courts have generally focused on the following indicia of jurisdiction: the existence of an office in New York; the solicitation of business in New York; the presence of bank accounts or other property in New York; and the presence of employees or agents in New York." *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990).

The Court lacks general personal jurisdiction over OPCO under New York law. During all relevant times, OPCO has been organized under foreign law with a registered office and place of business in the Netherlands. Compl. ¶ 6. When OPCO owned the Vessel, the Vessel was called into the United States only a few times, and only charterers—never OPCO—called the Vessel to

the United States on those occasions. Bouma Decl. ¶¶ 7–8. The Vessel never called into New York while under OPCO's ownership. *Id*. ¶ 9. OPCO has never engaged in business, is not registered to do business, does not have an agent for service of process, does not maintain an office, does not have any employees, does not have a bank account, does not advertise, and does not have a customer, in New York. *Id*. ¶¶ 10–14. Further, OPCO has never owned any vessels apart from the Vessel and OPCO has never owned real property in New York. Buomo Suppl. Decl. ¶¶ 4–5. Thus, OPCO cannot be found to have engaged in the continuous, permanent, and substantial activity in New York that is necessary to support general personal jurisdiction.

## II.  Specific Jurisdiction under CPLR § 302

Additionally, the Plaintiffs have not demonstrated that OPCO is subject to specific jurisdiction in New York. Only two subsections of CPLR § 302 could potentially apply to OPCO, N.Y. CPLR § 302(a)(1) and (a)(3).[3] Neither does.

"Section 302(a)(1) confers jurisdiction over a non-domiciliary corporation that transacts business within the state or contracts anywhere to provide goods and services in the state if there is a direct relationship between the cause of action and the in state conduct." *C.B.C. Wood Prods., Inc. v. LMD Integrated Logistics Servs., Inc.*, 455 F.Supp.2d 218, 224 (E.D.N.Y. 2006) (quoting *Fort Knox Music Inc. v. Baptiste*, 203 F.3d 193, 196 (2d Cir. 2000)). A non-domiciliary "transact[s] business" when it "purposefully avails [itself] of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws." *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir.1986) (internal quotation marks and citations omitted). There must be an "articulable nexus between the business transacted and the cause of action sued upon." *Loberiza*

---

[3] OPCO's brief also addresses N.Y. CPLR § 302(a)(2) and (a)(4), which respectively involve non-residents who commit tortious acts within New York while physically present in the state and non-residents who own, use, or possess real property within New York. Neither of these subsections apply to the present facts, and Plaintiffs have not challenged OPCO's motion on these grounds.

5

*v. Calluna Maritime Corp.*, 781 F. Supp. 1028, 1030 (S.D.N.Y. 1992) (internal quotation marks and citations omitted).

This action involves the Vessel's grounding off the coast of Ecuador. There are no allegations that OPCO purposefully availed itself of the privileges of engaging in business in New York, let alone that any such in-state business directly relates to the present action. Thus, OPCO is not subject to this Court's jurisdiction pursuant to Section 302(a)(1).

The Court may also exercise jurisdiction over a non-resident who "commits a tortious act without the state causing injury to person or property within the state." N.Y. CPLR § 302(a)(3). "[C]ourts determining whether there is injury in New York sufficient to warrant § 302(a)(3) jurisdiction must generally apply a situs-of-injury test, which asks them to locate the 'original event which caused the injury.'" *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 791(2d Cir. 1999). "[T]he situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff." *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir. 1990) (internal quotation marks and citations omitted). Here, there are no allegations and no support for any potential claim that New York is the location of the original event causing the injury.

Accordingly, Plaintiffs cannot establish personal jurisdiction over OPCO under New York law. As such, the Court need not reach the due process analysis.

### III. Jurisdictional Discovery

Where a plaintiff has failed to state a prima facie case for personal jurisdiction, the Second Circuit has held the plaintiff is not entitled to jurisdictional discovery. *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 186 (2d Cir. 1998). Consequently, "[d]istrict courts in this circuit routinely reject requests for jurisdictional discovery where a plaintiff's allegations are insufficient to make

out a prima facie case of jurisdiction." *Stutts v. De Dietrich Group*, 465 F.Supp.2d 156, 169 (E.D.N.Y. 2006) (collecting cases). The decision of whether or not to allow discovery is within the Court's sound discretion. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 255 (2d Cir. 2007). Thus, the Court declines Plaintiffs' request for jurisdictional discovery.

## CONCLUSION

For the reasons discussed above, Defendant OPCO's Motion to Dismiss is GRANTED and the Complaint is DISMISSED as to OPCO for want of personal jurisdiction. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 75 and terminate Defendant As Fortuna OPCO B.V.

**SO ORDERED.**

**Dated: March 31, 2022**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**